# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD SEREYKA,** | : | Civil No. 3:18-CV-1681 |
| **Plaintiff,** | : | |
| | : | **(Judge Mannion)** |
| v. | : | |
| **NAVIENT SOLUTIONS, LLC.,** | : | **(Magistrate Judge Carlson)** |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who was initially proceeding *pro se*, commenced this action by a complaint in the Court of Common Pleas. The defendant removed this action to federal court and filed a motion to dismiss the *pro se* complaint. (Doc.5.) The plaintiff then retained the services of counsel who has moved to file an amended complaint. (Doc. 10.) While defense counsel did not concur in the motion to amend at the time it was filed, defense counsel has now notified our deputy clerk that the defendant does not intend to oppose the filing of this amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1

1. The plaintiff's motion for leave to amend (Doc. 10) is GRANTED, and the plaintiff's proposed amended complaint, (Doc. 10-2), will be lodged by the clerk as the amended complaint in this matter.

2. We believe that this development has substantive significance for the parties with respect to the pending motion to dismiss the original complaint filed by Navient since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Therefore, since Sereyka's initial complaint is now a legal nullity the defendant's motion to dismiss that initial complaint, (Doc. 5), is DISMISSED as moot.

3. However, this motion to amend is granted without prejudice to the assertion of any defenses or dispositive motions that Navient may believe are appropriate with respect to the amended complaint.

SO ORDERED, this 18th day of December, 2018.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge