**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HAROLD SEREYKA,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:18-1681** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **NAVIENT SOLUTIONS, LLC,** : | **(CARLSON, M.J.)** |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 20), of Judge Martin C. Carlson in this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), under 15 U.S.C. §1692, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. §2270.1, *et seq.*, the Fair Credit Reporting Act ("FCRA"),15 U.S.C. §1681, and a state law defamation claim regarding defendant's collection activities of a consumer debt. Judge Carlson recommends that defendant Navient Solutions, LLC's, ("NSL"), motion to dismiss, (Doc. 17), plaintiff's amended complaint, (Doc. 14), pursuant to Fed.R.Civ.P. 12(b)(6), be granted, in part, and denied, in part. Specifically, it is recommended that the motion be granted with respect to plaintiff's FDCPA claim and that this claim be dismissed, that the motion be denied with respect to plaintiff's FCRA claim, and that plaintiff's state law FCEUA and defamation claims be dismissed with prejudice since

they are preempted by the FCRA.[1]

To date, neither the plaintiff nor the defendant have filed any objections to Judge Carlson's report and the time to do so has expired. After having reviewed the record, the court finds no error with Judge Carlson's conclusions regarding the plaintiff's claims and, it will **ADOPT** the report. NSL's motion to dismiss will be **GRANTED, IN PART,** and **DENIED, IN PART,** as stated above. This case will be remanded to Judge Carlson for further pre-trial proceedings as to the remaining federal claims.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the

---

[1] "A contention that a state law claim is preempted by federal law is properly attacked under the Rule 12(b)(6) standard." Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 497 (E.D.Pa. 2014) (citations omitted). The court finds that §1681t(b)(1)(F) of the FCRA preempts the plaintiff's state statutory claim as well as his state common-law claim. *See* Vullings v. Trans Union, LLC, 115 F.Supp.3d 538 (E.D.Pa. 2015); Prukala v. TD Bank USA, 2016 WL 6191912 (M.D.Pa. Oct. 24, 2016).

2

magistrate judge. [28 U.S.C. §636(b)(1)](https://www.law.cornell.edu/uscode/text/28/636); Local Rule 72.31.

Accordingly, the report of Judge Carlson is **ADOPTED IN ITS ENTIRETY**. Plaintiff's FDCPA claim is **DISMISSED WITHOUT PREJUDICE**[2], plaintiff's FCRA claim shall **PROCEED**, and plaintiff's FCEUA and defamation claims are **DISMISSED WITH PREJUDICE**. The court will remand this case to Judge Carlson for further proceedings as to the remaining claims. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 22, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1681-01.wpd

---

[2]Judge Carlson recommends that plaintiff's FDCPA claim be dismissed without prejudice to the filing of a second amended complaint as to this claim since plaintiff failed to allege that NSL is a debt collector. In its motion, NSL argues that it is not subject to the FDCPA since it is a creditor and not a debt collector within the meaning of the statute. Plaintiff seeks leave to amend his amended complaint to allege that NSL is a debt collector based on evidence he received from it. No doubt that if NSL is not a debt collector, the FDCPA does not apply to it. *See* St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 358 (3d Cir. 2018) (citation omitted). However, the court does not find futility or prejudice in allowing the plaintiff the opportunity to amend his FDCPA claim.